UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SDNY
DOCUMENT
ELECTRONIC...
DOC #:
DATE ... 4/2/21

BRYAN COHEN, individually and on behalf of all other persons similarly situated,

    Plaintiff,

v.

NORTHEAST RADIOLOGY, P.C. and ALLIANCE HEALTHCARE SERVICES, INC.,

    Defendants.

Case No. 7:20-cv-01202-VB

## STIPULATION AND [PROPOSED] PROTECTIVE ORDER GOVERNING CONFIDENTIALITY OF DISCOVERY MATERIAL

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and Paragraph 3 [4] of the Court's Individual Practices, IT IS HEREBY STIPULATED AND AGREED, by and among plaintiff Bryan Cohen ("Plaintiff") and defendants Northeast Radiology, P.C. and Alliance Healthcare Services, Inc. (collectively, "Defendants") (each a "Party," and collectively, the "Parties"), by and through their undersigned counsel that:

### I. DESIGNATION

1.     <u>Right to Designate.</u> Any Party or non-party producing documents pursuant to a subpoena or otherwise may designate any document or information, electronically stored information or other information ("Designating Party") they produce in connection with discovery in this litigation ("Discovery Material"), as "Confidential" (referred to as "Confidential Material" herein) if the Designating Party believes in good faith:

    (a) the material contains information that would harm a Party or a non-party's protected privacy, proprietary, or financial interests;

(b) the material requires the protections provided in this Stipulation and Order to prevent unreasonable annoyance, expense, embarrassment, disadvantage or prejudice to any person or entity; or

(c) the material contains:

  i. confidential research or development information, financial information that has not already been revealed, or trade secrets,

  ii. information about a Party's or non-party's information security or technology systems, or

  iii. information which a Party or non-party reasonably believes could harm its reputation, interests or business or that of its clients or employees if disclosed.

2. <u>Manner and Timing of Designation.</u> The designation of Discovery Material as "Confidential" for the purposes of this Stipulation and Order shall be made by the Designating Party in the following manner:

  (a) in the case of deposition or other pretrial testimony, the Designating Party shall either

    i. make a statement on the record at the time of the disclosure; or

    ii. send, within 14 days of receipt of the transcript, a written notice to counsel for all parties to this litigation indicating the page(s) and line number(s) of the testimony to which the confidential designation applies; and

    iii. in both of the foregoing instances, the Designating Party shall direct the court reporter to affix the legend "Confidential" to the first page and all designated portions of the transcript, including all copies thereof;

  (b) in the case of interrogatory responses or other written discovery responses, the Designating Party shall

    i. state in the main body of responses that the request at issue requests Confidential Discovery Material,

    ii. set forth the response at issue in an addendum attached to the main body of responses and

    iii. affix the legend "Confidential" to each page of that addendum;

  (c) in the case of Discovery Materials produced on electronic storage medium, the Designating Party shall affix the legend "Confidential" to such electronic storage medium and each page or unit of material, unless the Discovery Material is produced

        in native format, in which case "Confidential" shall be included at the start of the file name; and

        (d) in the case of Discovery Materials produced in hard copy, the Designating Party shall affix the legend "Confidential" to each page so designated.

    3. Any Party who requests additional limits on disclosure (such as "Highly Confidential – Attorneys' Eyes Only", in extraordinary circumstances), shall, contemporaneously with such designation, serve upon counsel for the recipient Parties a written notice stating with particularity the grounds of the request. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court in accordance with Paragraphs 1.B. and 2.B.i. of this Court's Individual Practices.

    4. The Designating Party must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

    5. If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, the Designating Party must promptly notify all other Parties that it is withdrawing the designation and, at its own expense, produce new copies of the Discovery Materials with the appropriate designation within 14 calendar days.

    6. <u>Inadvertent Failures to Designate.</u> An inadvertent failure to designate Discovery Material does not, standing alone, waive the Designating Party's right to secure protection under this Stipulation and Order for such material. Upon correcting a designation and giving due notice of the same, the Designating Party must make reasonable efforts to assure that the Discovery Material is treated in accordance with the provisions of this Stipulation and Order and the receiving party will not object those efforts.

## II. ACCESS AND USE OF PROTECTED MATERIAL

7. <u>Basic Principles.</u> Confidential Discovery Material, information derived therefrom or any other documents or materials reflecting or disclosing any Confidential Material may only be used in this litigation and shall not be used for any other purpose.

8. <u>Disclosure of "Confidential" Material.</u> Material designated as "Confidential" may be disclosed only in accordance with the provisions of this Stipulation and Order, and only to:

   a. The Court and Court personnel, or other persons involved in this litigation, including clerical personnel, jurors, court reporters, or those recording, taking, or transcribing testimony or argument at any deposition, hearing, trial, or appeal in this litigation, as appropriate;

   b. Witnesses, deponents or persons whom a Party's counsel believes in good faith may be a deponent or trial fact witnesses, and their counsel, provided that such person has first executed a Certification in the form annexed as Exhibit A hereto;

   c. Each Party and its employees, officers, directors, representatives, members, and affiliates; provided that such persons are assisting the Party with, or otherwise involved in, this litigation;

   d. Each person identified in the Confidential Material as an author or intended recipient (including by copy) thereof in whole or in part, or person to whom counsel reasonably and in good faith believe that the original or a copy of such Confidential Material was sent or otherwise made available prior to this litigation, or a person who is specifically identified in the document, or a person whose conduct is purported to be specifically identified in the document, or a person whom counsel reasonably and in good faith believe would have knowledge of the subject matter in the document based on the specific context;

   e. Court reporters or videographers, professional jury or trial consultants, mock jurors, and professional vendors, participants in focus groups, employed in connection with this litigation;

   f. Counsel for the Parties, including in-house and outside counsel, legal assistants, and other staff;

   g. Any mediator(s), special master(s), arbitrator(s), or settlement officer(s), and their supporting personnel mutually agreed upon by any of the parties engaged in settlement discussions, provided that such person has first executed a Certification in the form annexed as Exhibit A hereto;

   h. Experts, including their staff, retained by a Party or its counsel in connection with this litigation, provided that such person has first executed a Certification in the form annexed as Exhibit A hereto; and

Case 7:20-cv-01202-VB Document 68 Filed 04/01/21 Page 5 of 13

i. Any other person only upon order of the Court or with the written agreement of the Designating Party.

### III. DISCLOSURE OF CONFIDENTIAL MATERIAL

9. <u>Recipients' Certification.</u> Every person given access to Confidential Material, information derived therefrom or any other documents or materials reflecting or disclosing any Confidential Material (the "Recipient") shall be advised that it is being disclosed pursuant and subject to the terms of this Stipulation and Order and may not be disclosed by any person other than pursuant to the terms hereof. All persons listed in Paragraph 8 subsections (b), (e), (g)-(i) to whom a Party provides access to Confidential Material, information derived therefrom or any other documents or materials reflecting or disclosing any Confidential Material, shall execute a copy of the Certification annexed hereto as Exhibit A before such access is provided and be advised that he or she will be subject to the Stipulation and Order.

10. <u>Use of Confidential Material in Court Proceedings.</u> Confidential Materials shall, if filed with or presented to the Court, be filed under seal in accordance with Paragraph 11, unless otherwise ordered by the Court. In the event that any Confidential Material is used in any court proceeding in this litigation or any appeal therefrom, said Confidential Material shall not lose its status as Confidential through such use.

11. <u>Filing Under Seal.</u> In accordance with Paragraph ~~4~~ 3 of the Court's Individual Practices, notwithstanding any other provision, no document may be filed under seal without a further Order of this Court addressing the specific documents or portions of documents to be sealed. Any application to seal shall be accompanied by an affidavit or affidavits and a memorandum of law, demonstrating that the applicable standards for sealing have been met. Unless otherwise ordered, a party seeking to file an opposing party's confidential information shall so advise the opposing party fourteen (14) days in advance, specifying the precise portion of the information the party seeks to use, the general purpose thereof and any redactions to which the party does not object. Within seven (7) days thereafter, the

party whose confidential information is sought to be used may make an application to seal, indicating the portion or portions of the information it seeks to have sealed. Nothing herein is intended to alter or modify the applicability of Fed. R. Civ. P. 5.2 to this case. The redactions expressly authorized by Rule 5.2 may be made without further application to the Court.

## IV. PROCEDURES FOR APPROVING OR OBJECTING TO DISCLOSURE OF CONFIDENTIAL MATERIAL

12. <u>Challenging Confidentiality Designation.</u> Any Party may challenge, at any time, the designation of material as "Confidential" by motion to the Court pursuant to the procedures outlined in this paragraph. Prior to making any such motion, the Party seeking to challenge such a designation ("Challenging Party") shall contact the Producing Party and explain, in writing, the basis for its belief that the confidentiality designation was not proper. The Designating Party will then have five (5) days to respond to the Challenging Party and if no change in designation is offered, to explain the basis for the chosen designation. In the absence of the Parties coming to an agreement, the Challenging Party shall file its motion within 14 days of the Parties reaching an impasse. The Producing Party has the burden to show good cause for the Confidential designation. Until otherwise ordered by the Court, such material shall remain Confidential. If the court determines that the challenged material is not confidential or that its designation should be changed, the Producing Party shall reproduce copies of all materials with their designations removed or changed in accordance with the ruling within ten (10) days at the expense of the Producing Party.

13. <u>Exercise of Reasonable Care.</u> Any person receiving Confidential Material shall exercise reasonable care to prevent any disclosure of such Confidential Material other than pursuant to the provisions of this Stipulation and Order.

14. <u>Disclosure in Contravention of the Parties' Stipulation.</u> Confidential Material which is disclosed in contravention of the provisions of this Stipulation and Order (through inadvertence or otherwise) shall continue to be protected by the provisions hereof. Upon learning of the disclosure of

Confidential Material in contravention of the provisions of this Stipulation and Order, the person that made the disclosure promptly shall: (i) give written notice of the disclosure to the Producing Party, which notice shall include a specific description of the improperly disclosed Confidential Material; (ii) give written notice to the recipient of the improperly disclosed Confidential Material (the "Improper Recipient"); (iii) provide the Improper Recipient with a copy of this Stipulation and Order and request that the Improper Recipient sign a copy of the certification attached hereto; (iv) give written notice of the Improper Recipient's response to the Producing Party; (v) make reasonable good faith efforts to retrieve the improperly disclosed Confidential Material and all copies thereof; and (vi) give written notice to the Producing Party of the result of such efforts. The Producing Party's rights and remedies with respect to any such improper disclosure are hereby reserved.

## V. CONFIDENTIAL MATERIAL SUBPOENAED OR ORDERED PRODUCED IN LITIGATION

15. <u>Compelled Disclosure.</u> If a Recipient: (a) is subpoenaed in another action, (b) is served with a discovery demand in another action, (c) is served with any other legal process by a non-party to this litigation, or (d) otherwise receives a request from a non-party to this litigation, seeking Confidential Material, the Recipient shall, unless prohibited by law, give actual written notice, by hand, electronic mail or facsimile transmission, within three (3) business days of receipt of such subpoena, demand, legal process or request, to the Producing Party's counsel, who may seek a protective order precluding disclosure. Should the person seeking access to the Confidential Material take any action against the Recipient to enforce such subpoena, demand, other legal process or request, the Recipient shall respond by setting forth the existence of this Stipulation and Order. Nothing herein shall be construed as requiring the Recipient or anyone else covered by this Stipulation and Order to challenge or appeal any order requiring production of Confidential Material, to become subject to any penalties for noncompliance with any legal process or order, or to seek any relief from this Court.

16. <u>Disclosure of Own Material.</u> This Stipulation and Order has no effect upon, and shall

not apply to, the Producing Party's use of its own Discovery Material for any purpose. Nothing herein shall impose any restrictions on the use or disclosure, by a Party, of any document, material or information designated as "Confidential" (or otherwise) that was in the public domain, or otherwise obtained lawfully by such Party independently of the discovery proceedings in this litigation. The burden shall be on the Party asserting that the document, material or information was obtained independently to establish that fact.

## VI. PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

17. <u>Inadvertent or Unintentional Disclosure.</u> In accordance with Fed. R. Evid. 502, except when a Producing Party intentionally waives attorney-client or work-product protection as to Discovery Material ("Privileged Discovery Material") by disclosing such information to an adverse party as provided in Fed. R. Evid. 502(a), the disclosure of Privileged Discovery Material does not constitute a waiver in this Litigation, or in any other federal or state proceeding.

18. In accordance with Fed. R. Evid. 502, if at any time prior to trial a Producing Party discovers that it inadvertently produced or disclosed Privileged Discovery Material, the Receiving Party, upon written request, shall promptly destroy or return it, including all copies, and promptly destroy any notes reflecting the contents thereof. The Receiving Party may not refuse to destroy or return the material. Upon destruction or receipt of the returned materials, the Producing Party promptly shall provide a written good faith explanation of the basis for the privilege claim or claim of immunity. If the receiving Party wants to challenge the claim of inadvertent or unintentional production or the claim of privilege or immunity from disclosure, it must first return the material, then confer and provide written notice to the Producing Party identifying with particularity the reasons for the challenge. If the parties cannot resolve the dispute within a reasonable time, the Receiving Party may move the Court for an appropriate order. The disputed material shall be treated as privileged until a ruling on such motion or other resolution of the dispute.

Case 7:20-cv-01202-VB   Document 71   Filed 04/02/21   Page 9 of 13

19. <u>Right to Claw Back Discovery Material.</u>  Notwithstanding Sections 17 and 18 above, Privileged Discovery Material expressly referenced, attached, or quoted from by any Party during this litigation in a deposition, hearing, expert report, or court filing (a "Used Document"), shall not be eligible for claw back pursuant to Fed. 502(d) if the Producing Party does not claw back the Used Document within fourteen (14) days of its use in: (a) a deposition or hearing; or (b) an expert report; or (c) a court filing. A Producing Party may only claw back Discovery Material prior to 90 (ninety) days before the close of discovery.  No more than 50 documents containing Privileged Discovery Material may be clawed back by each Producing Party in this Litigation under timelines of the Court's schedule; provided however, if a Producing Party claws back more than 50 documents, at the election of the Party from which Discovery Material is clawed back, the Parties will jointly seek adjustment to the discovery schedule. If a Producing Party claws back an exhibit during a deposition, and the claw back is rejected or withdrawn, the witness must be reproduced at the expense of the Producing Party for a follow-up deposition limited to questioning about information subject to the rejected or withdrawn claw back assertion.

### VII. MISCELLANEOUS

20. <u>Right to Further Relief.</u>  This Stipulation is entered into without prejudice to the right of any Party or Non-Party to seek relief from, or modification of, this Stipulation or any provisions thereof by properly noticed motion to the Court or to challenge any designations of confidentiality as inappropriate under applicable law.

21. <u>Duration.</u> This Stipulation and Order shall continue to be binding after the conclusion of the litigation except (a) that there shall be no restriction on documents that are used as exhibits in Court (unless such exhibits were filed under seal); and (b) that a Recipient may seek the permission of the Producing Party or further order of this Court with respect to dissolution or modification of this Stipulation. The provisions of this Stipulation and Order shall, absent prior written consent of the

parties, continue to be binding after the conclusion of this action.

22. <u>Final Disposition.</u> Within 30 days after receiving notice of the entry of an order, judgment or decree finally disposing of this litigation, including all appeals, all persons having received Confidential Material shall, upon request of the Producing Party, make a good faith, commercially reasonable effort to either: (a) return such Confidential Material and copies thereof (including summaries and excerpts) to counsel for the Producing Party; or (b) destroy such Confidential Material and certify that fact to the Producing Party. Outside counsel for the parties to this litigation shall be entitled to retain court papers, deposition and trial transcripts and attorney work product (including work product containing or incorporating Confidential Material), provided that such outside counsel, and employees of such outside counsel, shall not disclose such court papers, deposition and trial transcripts, or attorney work product to any person except pursuant to court order or agreement with the Producing Party. All materials returned to the parties or their counsel by the Court likewise shall be disposed of in accordance with this paragraph.

23. <u>Right to Seek Modification.</u> This Stipulation and Order may be altered or modified only by written agreement among the Parties or by order of the Court upon motion by any Party. A party seeking to modify, extend or terminate shall notify opposing counsel and counsel shall meet and confer concerning the proposed modification, extension or termination within ten (10) business days of any request for same. However, if a party's request is not agreed to during the conference, or within any such extended period as agreed to by the parties, the party seeking such modification, extension or termination shall within ten (10) business days of the expiration of the meet and confer period, as extended if applicable, file a motion with the Court to resolve the dispute.

24. <u>Right to Seek Additional Protection.</u> Any party seeking different or additional protection other than as provided herein shall without delay produce all responsive documents subject to this Confidentiality Agreement and thereafter promptly file a motion seeking such additional

protection, if the parties cannot reach an agreement as to the different or additional protection sought, under the same procedure provided for under Paragraph 12, above. Until such motion is resolved by the Court, the documents produced pursuant to this paragraph shall be made available only to the Recipient(s) or attorneys, unless the Court permits otherwise.

25. <u>Execution.</u> This Stipulation and Order may be executed in counterparts which together shall constitute one document. Any Defendant added by name to this case after the "so ordering" of this Stipulation and Order shall be bound by it without having to execute it.

STIPULATED TO:

**LOWEY DANNENBERG P.C.**

_____
Christian Levis
44 South Broadway, Suite 1100
White Plains, NY 10601
Tel.: (914) 997-0500
Fax: (914) 997-0035
Email: clevis@lowey.com

*Attorneys for Plaintiff Bryan Cohen*

**WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**

_____
Geoffrey A. Belzer
55 West Monroe Street - Suite 3800
Chicago, IL 60603-5001
Tel.: (312) 821-6116
Fax: (312) 704-1522
Email: geoffrey.belzer@wilsonelser.com

*Attorneys For Northeast Radiology, P.C.*

**POLSINELLI PC**

_____
John C. Cleary
600 Third Avenue, 42nd Floor
New York, NY 10016
Tel.: (212) 413-2837
Fax: (212) 684-0197
Email: john.cleary@polsinelli.com

*Attorneys for Alliance Healthcare Services, Inc.*

**SO ORDERED.**

Dated: _____, 2021

_____
Hon. Vincent L. Briccetti
United States District Judge

protection, if the parties cannot reach an agreement as to the different or additional protection sought, under the same procedure provided for under Paragraph 12, above. Until such motion is resolved by the Court, the documents produced pursuant to this paragraph shall be made available only to the Recipient(s) or attorneys, unless the Court permits otherwise.

25. *Execution.* This Stipulation and Order may be executed in counterparts which together shall constitute one document. Any Defendant added by name to this case after the "so ordering" of this Stipulation and Order shall be bound by it without having to execute it.

STIPULATED TO:

**LOWEY DANNENBERG P.C.**

Christian Levis
44 South Broadway, Suite 1100
White Plains, NY 10601
Tel.: (914) 997-0500
Fax: (914) 997-0035
Email: clevis@lowey.com

*Attorneys for Plaintiff Bryan Cohen*

**WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**

Geoffrey A. Belzer
55 West Monroe Street - Suite 3800
Chicago, IL 60603-5001
Tel.: (312) 821-6116
Fax: (312) 704-1522
Email: geoffrey.belzer@wilsonelser.com

*Attorneys For Northeast Radiology, P.C.*

**POLSINELLI PC**

John C. Cleary
600 Third Avenue, 42nd Floor
New York, NY 10016
Tel.: (212) 413-2837
Fax: (212) 684-0197
Email: john.cleary@polsinelli.com

*Attorneys for Alliance Healthcare Services, Inc.*

**SO ORDERED.**

Dated: April 2, 2021

_____
Hon. Vincent L. Briccetti
United States District Judge

## EXHIBIT A

## CERTIFICATION

I _____, a _____ of _____ hereby certify that I have read the attached Stipulation and Protective Order in *Cohen v. Northeast Radiology, P.C., et al.*, No. 7:20-cv-01202-VB (S.D.N.Y.), dated _____, 2021. I hereby agree that I will not disclose the contents of Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation, I will return all discovery information to the Party or attorney from whom I received it.

For purposes of enforcing the Stipulation and Order, I hereby agree to be subject to the jurisdiction of the United States District Court for the Southern District of New York. I understand that violation of the Stipulation and Order is punishable by contempt of Court.

Signature: _____ Dated: _____