```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
BRYAN COHEN, individually and on behalf of    :
all other persons similarly situated,         :
                    Plaintiff,                :
                                              :                 ORDER
v.                                            :
                                              :                 20 CV 1202 (VB)
NORTHEAST RADIOLOGY, P.C. and                 :
ALLIANCE HEALTHCARE SERVICES, INC.,           :
                    Defendants.               :
--------------------------------------------------------------x
```

By letter-motion dated May 13, 2021 (Doc. #75), defendant Alliance Healthcare Services, Inc. ("Alliance"), requests that their separate letter-motion and attachments for a pre-motion conference (Doc. #76) be filed under seal. Defendant Northeast Radiology, P.C. ("NERAD"), joins in the motion to seal, and plaintiff does not object. (Id.).

The request to seal is DENIED.

Doc. #76 and its attachments are judicial documents subject to a common law and First Amendment presumption in favor of public access. See Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119-20 (2d Cir. 2006). Alliance's request is not narrowly tailored and does not establish "closure is essential to preserve higher values." Id. at 120 (quoting In re New York Times Co., 828 F.2d 110, 116 (2d Cir. 1987)).

Indeed, although Alliance states Fed. R. Civ. P. 5.2 and the Health Insurance Portability and Accountability Act ("HIPAA") require the matters in Doc. #76 and attachments be kept confidential, it does not explain what aspects of these documents constitute confidential matters under either Fed. R. Civ. P 5.2 or HIPAA. Furthermore, the only items the Court has identified as potentially confidential are plaintiff's mailing address and birthday. (Doc. #76 at ECF 1; Doc. #76-3 at ECF 2). Thus, Alliance has failed to make a sufficient showing that these documents should be filed under seal.

Accordingly, it is HEREBY ORDERED that by close of business on May 17, 2021, Alliance shall refile its letter-motion for a pre-motion conference and attachments (Doc. #76) on the public docket. Alliance shall redact plaintiff's mailing address and birthday.

Furthermore, the Court DEFERS RULING on defendant's letter-motion for a pre-motion conference. (Doc. #76). By close of business on May 17, 2021, plaintiff shall respond to the merits of Alliance's letter-motion requesting a pre-motion conference (Doc. #76), including by providing a specific date when it expects to have corroboration of whether or not plaintiff was a patient at defendants' facilities.

1

The Clerk shall terminate the letter-motions. (Docs. ##75, 76). <u>However, Doc. #76 and its attachments shall remain under seal.</u>

Dated: May 14, 2021
      White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge